## SECURITIES PLEDGE AGREEMENT

This **SECURITIES PLEDGE AGREEMENT** (this "Agreement") is entered into this 17th day of March, 2023 (the "Effective Date"), by and between **COMPASS GOLF LLC**, a Delaware corporation ("Pledgor") and **U.S. STRATEGIC CAPITAL ADVISORS LLC**, a Georgia Limited liability company ( "Lender").

### RECITALS

WHEREAS, Pledgor is the maker of a secured promissory note of even date herewith in the original principal amount of $3,500,000.00, payable to the order of Lender (the "Note"); and

WHEREAS, Pledgor will pledge its ownership of the securities described on Exhibit A (the "Pledged Securities") to Lender as security for payment of the Note (the "Secured Indebtedness").

### AGREEMENT

NOW, THEREFORE, in consideration of the foregoing premises, and the mutual covenants and promises contained herein, Lender and Pledgor hereby agree as follows:

1.   **Pledge**. As collateral security for the payment and performance of the Secured Indebtedness, Pledgor hereby pledges, hypothecates, assigns, transfers, sets over, and delivers unto Lender, and hereby grants Lender a lien and security interest in, the following:

(a)   The Pledged Securities and any certificates representing the Pledged Securities, and all cash, securities, dividends, increases, distributions, and profits received therefrom or in connection therewith, including distributions or payments in partial or complete liquidation or redemption, or as a result of reclassifications, readjustments, reorganizations, securities splits or other changes in time to time received, receivable, or otherwise distributed or delivered to Lender, and all rights and privileges pertaining thereto;

(b)   all securities hereafter delivered to Lender in substitution for, or in addition to, any of the foregoing, all certificates representing or evidencing such securities, and all cash, securities, instruments, documents, dividends, increases, distributions, and profits received therefrom, and any other property at any time and from time to time received by, receivable by, or otherwise distributed or delivered to Lender in respect of or in exchange for any or all of the property described; and

(c)   all products and proceeds of the foregoing and all general intangibles and contract rights related thereto, including without limitation, all revenues, distributions, dividends, property, registration rights, contract rights, and other rights and interests that Pledgor is, or may hereafter become, entitled to receive on account of any collateral described in subsections 2(a) and (b).

All such Pledged Securities, certificates, securities, instruments, documents, dividends, increases, distributions, profits, intangibles, contract rights, and other property are herein collectively called the "Pledged Securities."

2. **Term**. This Agreement shall remain in effect until the Secured Indebtedness is paid in full.

3. **Delivery of Pledged Securities**. Concurrently with Pledgor's execution of this Agreement, Pledgor shall deliver to Lender, all certificates or instruments representing the Pledged Securities, together with properly executed securities powers, endorsed in blank, as security for the repayment and performance of the Secured Indebtedness.

4. **Covenants**. So long as the Secured Indebtedness remains outstanding, Pledgor covenants and agrees not to sell, mortgage, hypothecate, assign, or otherwise transfer, nor permit any lien or security interest to be created against, any portion of the Pledged Securities, in whole or in part, without the prior written consent of Lender.

5. **Release of Pledged Securities**. This Agreement shall terminate, and Pledgor shall be entitled to a release of the Pledged Securities from the lien and security interest on the Pledged Securities created under this Agreement, upon the payment in full of the Secured Indebtedness.

6. **Rights and Remedies of Lender Upon and After Default**. Upon the occurrence of an Event of Default (as defined in the Loan and Security Agreement of even date herewith by and among Pledgor, Lender, and L & J Acquisitions, LLC, a Wyoming limited liability company), Lender is given full power and authority, then or at any time thereafter, to sell, assign, deliver or collect the whole or any part of the Pledged Securities, or any substitute therefor or any addition thereto, in one or more sales, with or without any previous demands or demand of performance or, to the extent permitted by law, notice or advertisement, in such order as Lender may elect; and any such sale may be made either at public or private sale at Lender's place of business or elsewhere, either for cash or upon credit or for future delivery, at such price or prices as Lender may reasonably deem fair; and Lender or any other Lender may be the purchaser of any or all Pledged Securities so sold and hold the same thereafter in its own right free from any claim of any Pledgor or right of redemption. Demands of performance, advertisements and presence of property and sale and notice of sale are hereby waived to the extent permissible by law. Any sale hereunder may be conducted by an auctioneer or any officer or agent of Lender. Pledgor further agrees, to the extent permitted by applicable law, that the use of private sales made under the foregoing circumstances to dispose of the Pledged Securities shall be deemed to be dispositions in a commercially reasonable manner. Pledgor hereby acknowledges that (i) a ready market may not exist for the Pledged Securities as they are not traded on a national securities exchange or quoted on an automated quotation system and agrees and (ii) in such event the Pledged Securities may be sold for an amount less than a pro rata share of the fair market value of the Pledged Subsidiary's assets minus its liabilities. In addition to the foregoing, the Lender may exercise such other rights and remedies as may be available under the Loan Documents (as defined in the aforementioned Loan and Security Agreement), at law (including without limitation the Uniform Commercial Code) or in equity.

7. **Attorney-in-Fact**. For the purposes set forth in the following sentence, Pledgor does hereby irrevocably make, constitute, designate, and appoint Lender (and any agents designated by Lender) as Pledgor's true and lawful attorney-in-fact and agent. Upon an Event of

Default hereunder by Pledgor, such agent shall have full power and authority for and in the name of Pledgor to arrange for the Pledged Securities held by Lender to be transferred into the name of Lender or the name or names of Lender's nominee or nominees (in each case as pledgee hereunder). Pledgor does hereby ratify and confirm all that said agent may do or cause to be done in connection with any of the powers or authorities herein conferred.

8. **Severability**. If any provision of this Agreement or the application thereof to any party or circumstance is held invalid or unenforceable, the remainder of this Agreement and the application of such provisions to other parties or circumstances will not be affected thereby, the provisions of this Agreement being severable in any such instance.

9. No Waiver. No waiver by Lender of any right hereunder or of any Event of Default shall be binding upon Pledgor unless in writing executed by Lender. Failure or delay by Lender to exercise any right hereunder or waiver by Lender of any default shall not operate as a waiver of any other right, the further exercise of such right, or any further default.

10. **Notice**. Any and all notices, consents, requests, approvals, elections, demands, or other communications permitted or required to be given under this Agreement shall be in writing and shall be deemed to have been validly served, given, or delivered: (a) upon the earlier of actual receipt and three (3) Business Days after deposit in the U.S. mail, first class, registered or certified mail return receipt requested, with proper postage prepaid; (b) upon transmission, when sent by electronic mail or facsimile transmission; (c) one (1) Business Day after deposit with a reputable overnight courier with all charges prepaid; or (d) when delivered, if hand-delivered by messenger, all of which shall be addressed to the party to be notified and sent to the address, facsimile number, or email address indicated below. Pledgor or Lender may change its or electronic mail address or facsimile number by giving the other party written notice thereof in accordance with the terms of this Section 10.

If to Pledgor:

Compass Golf LLC
3254 Clubside View Court
Snellville, GA 30039
Attention: Jorge Martinez
EMAIL: jm@l-jgolf.com

If to Lender:

US Strategic Capital Advisors, LLC
2604 Abbey Court
Alpharetta, Georgia 30004
Attention: Derek Cunningham
EMAIL: derekc@usstrategiccapital.com

11. **Successors**. This Agreement shall be binding upon and inure to the benefit of the heirs, legal representatives, successors, and permitted assigns of the parties. Lender may assign

this Agreement and its rights hereunder without notice to or the consent of Pledgor, but no such assignment shall relieve Lender of its obligations hereunder.

12. **Entire Agreement**. This Agreement expresses the entire understanding and agreement of the parties with respect to the subject matter hereof. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original but all of which shall constitute one and the same instrument.

13. **Binding Effect; Laws**. This Agreement shall be governed as to validity, interpretation, effect and in all other respects by the laws of the State of Georgia.

IN WITNESS WHEREOF, this Agreement has been duly executed as of the day and year set forth above.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed under Seal as of the Effective Date.

COMPASS GOLF LLC

By: _____
Jorge Martinez
Sole Member

U.S. STRATEGIC CAPITAL ADVISORS LLC

By: _____
Derek Cunningham
Managing Member

4

this Agreement and its rights hereunder without notice to or the consent of Pledgor, but no such assignment shall relieve Lender of its obligations hereunder.

12. **Entire Agreement.** This Agreement expresses the entire understanding and agreement of the parties with respect to the subject matter hereof. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original but all of which shall constitute one and the same instrument.

13. **Binding Effect; Laws.** This Agreement shall be governed as to validity, interpretation, effect and in all other respects by the laws of the State of Georgia.

IN WITNESS WHEREOF, this Agreement has been duly executed as of the day and year set forth above.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed under Seal as of the Effective Date.

COMPASS GOLF LLC

By: _____
Jorge Martinez
Sole Member

U.S. STRATEGIC CAPITAL ADVISORS LLC

By: _____
Derek Cunningham
Managing Member

4

5

## **Exhibit A**

All membership interests in Pledgor beneficially owned by Jorge Martinez, representing 100% equity ownership of Pledgor.