**PERSONAL GUARANTY**

March 17, 2023

In order to induce U.S. Strategic Capital Advisors LLC ("**Lender**") to lend and accept that certain Loan and Security Agreement dated March 17, 2023, in the principal amount of $3,500,000.00 (Three Million Five Hundred Thousand and 00/100 Dollars) by and among Compass Golf LLC and L & J Acquisitions LLC (the "**Borrowers**"), and Lender (the "**Loan and Security Agreement**") (capitalized terms used herein without definition shall have the meaning set forth in the Loan and Security Agreement), Jorge Martinez (the "**Guarantor**") does hereby guarantee (a) the full, prompt and faithful payment of the Obligations and (b) the performance and discharge by the Borrowers of all the terms, warranties, conditions, and provisions of the Loan and Security Agreement (other than inchoate indemnity obligations), including any modifications, amendments, or supplements thereto (collectively with the Obligations, the "**Guaranteed Obligations**").

All demands, presentments, notices of protest and of dishonor, and other notices of any kind or nature, including those of any action or inaction of the Guarantor, are expressly waived by Guarantor. Guarantor hereby waives any rights arising out of any principle or provision of law, statutory or otherwise, which is or may be in conflict with the terms and provisions of his Guaranty.

This is a continuing Guaranty and shall remain in effect until the Guaranteed Obligations are satisfied in full or Lender provides Guarantor with written acknowledgement of full payment and performance by Guarantor of all his obligations hereunder, whichever shall occur first, at which time this Guaranty shall automatically terminate. Except as provided in the preceding sentence, this Guaranty may not be revoked or terminated, other than with the prior written consent of Lender. In the event any sums or other things of value that are paid or transferred to or otherwise received by Lender are rescinded, recovered, required to be returned, set aside, rendered void or otherwise adversely affected in any legal proceeding or for any cause whatsoever, including, without limitation, under any law, rule or regulation relative to bankruptcy, insolvency, fraudulent transfers or other relief of debtors, then this Guaranty shall continue to be effective or shall be revived and reinstated, as necessary, in order to give full effect to Guarantor's liability hereunder, to the same extent as if such payment, transfer and/or receipt had never occurred, until such time as the Guaranteed Obligations are satisfied in full.

The obligations of Guarantor under this Guaranty shall be and remain unaffected: (a) by the existence or non-existence, validity or invalidity, of any pledge, assignment or conveyance given as security; or (b) by the bankruptcy, receivership, insolvency, composition of creditors, or dissolution of Guarantor, and in case of such bankruptcy, the failure of Lender to file a claim against such bankrupt's estate; or (c) by the failure of Lender otherwise to seek remedies as a consequence of such events.

Until the Guaranteed Obligations have been satisfied in full, any indebtedness of the Borrower owed to Guarantor, whether now existing, hereafter arising, secured or unsecured,

and if secured, the Guarantor's interest in the security for same, hereby is subordinated to the indebtedness owed by the Guarantor to Lender and to Lender's rights in the Borrower's property. During the continuance of any Event of Default, such subordinated indebtedness, if Lender so requests, shall be collected, enforced and received by Guarantor, in accordance with the applicable terms and conditions of such subordinated indebtedness, as trustee for Lender and be paid over to Lender on account of the indebtedness owed by the Guarantor to Lender but without reducing or affecting in any manner the liability of Guarantor under this Guaranty, except to the extent such payment reduces the outstanding balance of the Guaranteed Obligations.

No right or power of Lender hereunder shall be deemed to have been waived by any act or conduct or failure or delay to act on the part of Lender or any of his, her or its agents, employees or representatives, and the terms and provisions hereof may not be waived, altered, modified, or amended except in writing duly signed by Lender. In the event that Lender shall waive in writing any provision or requirement hereunder, such waiver shall be effective only for the specific purposes, circumstances and duration stated in said waiver. Lender may assign this Guaranty in whole or in part, and each reference herein to Lender shall be deemed to include his, her or its heirs, successors and assigns or successors-in-interest, as the case may be. The provisions of this Guaranty are binding upon Guarantor and the successors and assigns thereof and shall inure to the benefit of Lender and each of his, her or its heirs, successors and assigns or successors-in-interest, as the case may be. If any of the provisions of this Guaranty or the application thereof to any person or circumstance shall, to any extent, be invalid or unenforceable, the remainder of the provisions of this Guaranty, or the application of such provision or provisions to persons or circumstances other than those as to whom or which it is held invalid or unenforceable, shall not be affected thereby and every provision of this Guaranty shall be valid and enforceable to the fullest extent permitted by law. Guarantor waives the right to require lender to pursue confirmation of any foreclosure of real property securing the loan, in accordance with OCGA 44-14-161, ET SEQ.

Guarantor agrees to pay reasonable attorneys' fees actually incurred and all other reasonable costs and expenses that are actually incurred by Lender in the enforcement of this Guaranty or the Loan and Security Agreement. For the purposes of this Guaranty, the term "reasonable attorneys' fees" shall be determined on the basis of Lender's attorneys' standard hourly rates, and without application of Official Code of Georgia Section 13-1-11.

This Guaranty shall be governed by, and construed in accordance with, the laws of the State of Georgia.

[Signature Page Follows]

IN WITNESS WHEREOF, the parties hereto have caused this Personal Guaranty to be executed under Seal as of the date first above written.

Signed, sealed and delivered
In the presence of:

**GUARANTOR:**

_____
Jorge Martinez

_____
Notary Public

My commission expires:

DIOSA SANTOS
Commission # HH 329442
Expires November 6, 2026

78045062.1

[Signature Page to Personal Guaranty]