## PERSONAL GUARANTY

This PERSONAL GUARANTY is made as of July 10, 2023 by Jorge Martinez, an individual resident of the State of Georgia (the "**Guarantor**"), in favor of U.S. Strategic Capital Advisors LLC, a Georgia limited liability company (the "**Lender**").

1. **Guaranty.**

    a.   This Guaranty is executed in connection with that certain Loan and Security Agreement dated July 10, 2023, in the principal amount of Six Hundred Thousand and 00/100 Dollars ($600,000.00) by and among Compass Golf LLC and L & J Acquisitions LLC. ("**Borrowers**"), and Lender, the Pledge Agreement, and the Promissory Note from Borrowers to Lender of even date herewith (the "**Loan Documents**"). Capitalized terms used herein without definition shall have the meaning set forth in the Loan and Security Agreement.

    b.   In order to induce Lender to make the aforementioned loan, Guarantor does hereby unconditionally and irrevocably guarantee full payment and performance by Borrowers of all of Borrowers' Obligations under the Loan Documents with joint and several liability, including, but not limited to, (i) the full, prompt and faithful payment of the Obligations and (ii) the performance and discharge by Borrowers of all the terms, warranties, conditions, and provisions of the Loan Documents (other than inchoate indemnity obligations), including any modifications, amendments, or supplements thereto (collectively with the Obligations, the "**Guaranteed Obligations**").

2. **Purpose and Consideration.** The execution and delivery of this Guaranty by Guarantor is a condition to Lender's willingness to make the above-described loan, and Guarantor recognizes that Lender will rely upon this Guaranty. Guarantor has a significant directorship, management, employment and/or ownership interest in Borrowers, and accordingly, Guarantor acknowledges that Guarantor will receive material direct and indirect benefits from the loan.

3. **Guarantee is Independent and Absolute.**

    a.   The obligations of Guarantor hereunder are independent of the obligations of Borrowers and of any other person who may become liable with respect to the Obligations. Guarantor is jointly and severally liable with Borrowers for the full and timely payment and performance of all of the Obligations (including but not limited to all costs, expenses and relevant fees incurred from the security or enforcement of the interest under this Guaranty and the Loan Documents). Guarantor expressly agrees that a separate action or actions may be brought and prosecuted against Guarantor, whether or not any action is brought against Borrowers or any other person for any Obligations guaranteed hereby and whether or not Borrowers or any other persons are joined in any action against Guarantor. Guarantor further agrees that Lender shall have no obligation to proceed against any security for the Obligations prior to enforcing this Guaranty against Guarantor, and that Lender may pursue or omit to pursue any and all rights and remedies Lender has against any person or with respect to any security in any order or simultaneously or in any other manner. All rights of Lender and all obligations of Guarantor hereunder shall be absolute and unconditional irrespective of (i) any lack of validity or enforceability of the Note, and (ii) any other circumstances which might otherwise constitute a defense available to, or a discharge of Borrowers in respect of, the Obligations, until full payment thereof.

b.      This is a continuing Guaranty and shall remain in effect until the Guaranteed Obligations are satisfied in full or Lender provides Guarantor with written acknowledgement of full payment and performance by Guarantor of all his obligations hereunder, whichever shall occur first, at which time this Guaranty shall automatically terminate. Except as provided in the preceding sentence, this Guaranty may not be revoked or terminated, other than with the prior written consent of Lender. In the event any sums or other things of value that are paid or transferred to or otherwise received by Lender are rescinded, recovered, required to be returned, set aside, rendered void or otherwise adversely affected in any legal proceeding or for any cause whatsoever, including, without limitation, under any law, rule or regulation relative to bankruptcy, insolvency, fraudulent transfers or other relief of debtors, then this Guaranty shall continue to be effective or shall be revived and reinstated, as necessary, in order to give full effect to Guarantor's liability hereunder, to the same extent as if such payment, transfer and/or receipt had never occurred, until such time as the Guaranteed Obligations are satisfied in full.

c.      The obligations of Guarantor under this Guaranty shall be and remain unaffected (i) by the existence or non-existence, validity or invalidity, of any pledge, assignment or conveyance given as security; or (ii) by the bankruptcy, receivership, insolvency, composition of creditors, or dissolution of Guarantor, and in case of such bankruptcy, the failure of Lender to file a claim against such bankrupt's estate; or (iii) by the failure of Lender otherwise to seek remedies as a consequence of such events.

d.      Until the Guaranteed Obligations have been satisfied in full, any indebtedness of Borrowers owed to Guarantor, whether now existing, hereafter arising, secured or unsecured, and if secured, the Guarantor's interest in the security for same, hereby is subordinated to the indebtedness owed by the Guarantor to Lender and to Lender's rights in Borrowers' property.  During the continuance of any Event of Default, such subordinated indebtedness, if Lender so requests, shall be collected, enforced and received by Guarantor, in accordance with the applicable terms and conditions of such subordinated indebtedness, as trustee for Lender and be paid over to Lender on account of the indebtedness owed by the Guarantor to Lender but without reducing or affecting in any manner the liability of Guarantor under this Guaranty, except to the extent such payment reduces the outstanding balance of the Guaranteed Obligations.

e.      [Intentionally omitted.]

4.      **Guarantee of Payment and Performance.** Guarantor's liability under this Guaranty is a guarantee of payment and performance of the Obligations and not of collectability, and is not conditioned or contingent upon the genuineness, validity, or enforceability of the Note, and agrees that Guarantor is liable even if Borrowers had no liability at the time of execution of the Note or thereafter ceases to be liable. Guarantor's liability hereunder shall continue until all sums due under the Note have been paid in full and shall not be limited or affected in any way by any impairment or any diminution or loss of value of any security or collateral for the Note.

5.      **Consents.** Guarantor hereby consents to and waives notice of any extensions of time for performance which Lender may grant to Borrowers and to any modifications or amendments of the Note or extensions or renewals of the terms thereof. Guarantor waives notice of any default in the payment of any amount due under the Note.

6.      **Waivers by Guarantor.** Guarantor hereby waives (i) presentment, demand, protest and notice of protest, notice of dishonor and of non-payment, notice of acceptance of this Guarantee, and diligence in collection; (ii) notice of the existence, creation, or incurring of any new or additional

Obligations under the Note; (iii) any right to require Lender to proceed against, give notice to, or make demand upon Borrowers; (iv) any right to require Lender to proceed against or exhaust any security or to proceed against or exhaust any security in any particular order; (v) any right to require Lender to pursue any remedy of Lender; (vi) any right to direct the application of any security held by Lender; (vii) any defense arising out of any disability or other defense of Borrowers, including bankruptcy, dissolution, liquidation, cessation, impairment, modification, or limitation, from any cause, of any liability of Borrowers, or of any remedy for the enforcement of such liability; (viii) any statute of limitations affecting the liability of Guarantor hereunder; and (ix) any other defenses available to a surety under applicable law.

7. **Bankruptcy Reimbursements.** Guarantor hereby agrees that if all or any part of the Obligations paid to Lender by Borrowers or any other party liable for payment and satisfaction of the Obligations (other than Guarantor) are recovered from Lender in any bankruptcy proceeding, Guarantor shall reimburse Lender immediately on demand for all amounts of such Obligations so recovered from Lender, together with interest thereon at the default rate set forth in the Note from the date such amounts are so recovered until repaid in full to Lender, and, for this purpose, this Guarantee shall survive repayment of the Note.

8. **Jurisdiction and Venue.** Jurisdiction and venue shall be in the County of Fulton and State of Georgia.

9. **Assignability.** This Guarantee shall be binding upon Guarantor and Guarantor's heirs and representatives and shall inure to the benefit of Lender and Lender's successors and assigns.

10. **Payment of Costs of Enforcement.** In the event any action or proceeding is brought to enforce this Guaranty, Guarantor shall pay all reasonable costs and expenses of Lender in connection with such action or proceeding, including, without limitation, reasonable attorneys' fees incurred by Lender.

11. **Notices.** Any notice required or permitted to be given by Guarantor or Lender under this Guarantee shall be in writing and will be deemed given (i) upon personal delivery, (ii) on the first business day after receipted delivery to a courier service which guarantees next-business day delivery, or (iii) on the third business day after mailing, by registered or certified United States mail, postage prepaid, in any case to the appropriate party at its address set forth below: Either party may change such party's address for notices or copies of notices by giving notice to the other party in accordance with this Section 11.

If to Guarantor:       Jorge Martinez
                       3254 Clubside View Ct
                       Snellville, GA 30039
                       EMAIL: jm@l-jgolf.com


If to Lender:          U.S. Strategic Capital Advisors LLC
                       2604 Abbey Court
                       Alpharetta, Georgia 30004
                       EMAIL: derekc@usstrategiccapital.com

12. **Severability of Provisions.** If any provision hereof shall be invalid or unenforceable, then such provision shall be limited to the extent required to make it valid and enforceable, and, if

3

required, severed from this Guaranty, and the remainder of the document shall remain in full force and effect.

13. **Waiver.** Neither the failure of Lender to exercise any right or power given hereunder or to insist upon strict compliance by Borrowers, Guarantor, any other guarantor, or any other person with any of its obligations set forth herein or in the Note shall constitute a waiver of Lender's right to demand strict compliance with the terms and provisions of this Guaranty. In the event that Lender shall waive in writing any provision or requirement hereunder, such waiver shall be effective only for the specific purposes, circumstances and duration stated in said waiver. Lender may assign this Guaranty in whole or in part, and each reference herein to Lender shall be deemed to include his, her or its heirs, successors and assigns or successors-in- interest, as the case may be.

14. **Successors and Assigns.** The provisions of this Guaranty are binding upon Guarantor and the permitted successors and assigns thereof to the extent that Lender has consented to the same, and shall inure to the benefit of Lender and each of his, her or its heirs, successors and assigns or successors-in-interest, as the case may be.

15. **Applicable Law.** This Guaranty and the rights and obligations of the parties hereunder shall be governed by and interpreted in accordance with the internal laws of the State of Georgia, without regard to conflict of law principles.

16. **Severability.** If any of the provisions of this Guaranty or the application thereof to any person or circumstance shall, to any extent, be invalid or unenforceable, the remainder of the provisions of this Guaranty, or the application of such provision or provisions to persons or circumstances other than those as to whom or which it is held invalid or unenforceable, shall not be affected thereby and every provision of this Guaranty shall be valid and enforceable to the fullest extent permitted by law. Guarantor waives the right to require lender to pursue confirmation of any foreclosure of real property securing the loan, in accordance with OCGA 44-14-161, ET SEQ.

17. **Attorneys' Fees.** Guarantor agrees to pay reasonable attorneys' fees actually incurred and all other reasonable costs and expenses that are actually incurred by Lender in the enforcement of this Guaranty, the Loan and Security Agreement, the Promissory Note of even date herewith, or the Deed of Trust and Assignment of Rents of even date herewith. For the purposes of this Guaranty, the term "reasonable attorneys' fees" shall be determined on the basis of Lender's attorneys' standard hourly rates, and without application of Official Code of Georgia Section 13-1-11.

[Signature Page Follows]

IN WITNESS WHEREOF, Guarantor has executed this Guarantee under Seal as of the day and year first above written.

**GUARANTOR:**

_____
Jorge Martinez

Signed, sealed and delivered
In the presence of:

_____
Notary Public Jakob Gutillo
My commission expires: may 24th 2026

JAKOB GUTILLO
Notary Public - State of Florida
Commission # HH 267666
My Comm. Expires May 24, 2026
Bonded through National Notary Assn.

5